UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHARLES EDWARD PRITCHETT,<br><br>Petitioner,<br><br>v.<br><br>LELAND McEWEN,<br><br>Respondent. | ) | 1:10-cv-02008-LJO-JLT HC<br><br>FINDINGS AND RECOMMENDATION RE: RESPONDENT'S MOTION TO DISMISS THE PETITION (Doc. 8)<br><br>ORDER DIRECTING OBJECTIONS TO BE FILED WITHIN TWENTY DAYS |

**PROCEDURAL HISTORY**

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant federal petition for writ of habeas corpus was filed on October 18, 2010.[1] On November 24, 2010, the Court ordered Respondent to file a response. (Doc.

[1]In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988). The rule is premised on the pro se prisoner's mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse to his." Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see, Houston, 487 U.S. at 271, 108 S.Ct. at 2382. The Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the AEDPA. Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000), *amended* May 23, 2001, *vacated and remanded on other grounds sub nom*. Carey v. Saffold, 536 U.S. 214, 226 (2002); Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th cir. 2003); Smith v. Ratelle, 323 F.3d 813, 816 n. 2 (9th Cir. 2003). The date the petition is signed may be considered the earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule. Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th Cir. 2003). Accordingly, for all of Petitioner's state petitions and for the instant federal petition, the Court will consider the date of signing of the petition (or the date of signing of the proof of service if no signature appears on the petition) as the earliest possible filing date and the operative date of filing under the mailbox rule for calculating the

3). On January 24, 2011, Respondent filed the instant motion to dismiss, contending that the petition was untimely. (Doc. 8). On February 16, 2011, Petitioner filed his opposition to the motion to dismiss. (Doc. 13).

**DISCUSSION**

A. Procedural Grounds for Motion to Dismiss

As mentioned, Respondent has filed a Motion to Dismiss the petition as being filed outside the one year limitations period prescribed by Title 28 U.S.C. § 2244(d)(1). Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed Respondent's to file a Motion to Dismiss in lieu of an Answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a Respondent can file a Motion to Dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's Motion to Dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one year limitation period. Because Respondent's Motion to Dismiss is similar in procedural standing to a Motion to Dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal Answer, the Court will review Respondent's Motion to Dismiss pursuant to its authority under Rule 4.

B. Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas

---

running of the statute of limitation. Petitioner signed the Proof of Service on the instant petition on October 18. (Doc. 1, p. 12).

corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).  The instant petition was filed on October 18, 2010, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final.  Here, the Petitioner was convicted on April 13, 2007 in Tulare County Superior Court of attempted murder, first degree burglary, second degree commercial burglary, attempted home invasion, and conspiracy, and sentenced to an indeterminate prison term of 36 years to life.  (Doc. 10, Lodged Document ("LD") 1).  On direct appeal, the California Court of Appeal, Fifth Appellate District ("5th DCA"), concluded that the trial court should have stayed one of the prison terms, ordered the abstract of judgment modified to reflect the 5th DCA's ruling, and remanded the case to the trial court for re-calculation of pre-sentence credits.  (LD 2).   Petitioner's subsequent Petition for Review in the California Supreme Court was denied on May 20, 2009.  (LD

4). On June 24, 2009, following remand pursuant to the order of the 5th DCA, the Tulare County Superior Court issued an amended abstract of judgment reflecting the re-calculation of pre-sentence credits. (LD 5). Petitioner did not appeal from the Superior Court's order.

California state law governs the period within which prisoners have to file an appeal and, in turn, that law governs the date of finality of convictions. See, e.g., Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006); Lewis v. Mitchell, 173 F.Supp.2d 1057, 1060 (C.D. Cal. 2001)(California conviction becomes final 60 days after the superior court proceedings have concluded, citing prior Rule of Court, Rule 31(d)). Pursuant to California Rules of Court, Rule 8.308(a), a criminal defendant convicted of a felony must file his notice of appeal within sixty days of the rendition of judgment. See People v. Mendez, 19 Cal.4th 1084, 1086, 969 P.2d 146, 147 (1999)(citing prior Rule of Court, Rule 31(d)).

Because Petitioner did not file a notice of appeal from the amended abstract of judgment, his direct review concluded on August 23, 2009, when the sixty-day period for filing a notice of appeal expired. The one-year period under the AEDPA would have commenced the following day, on August 24, 2009, and Petitioner would have had one year from that date, or until August 23, 2010, within which to file his federal petition for writ of habeas corpus. See Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir.2001).

As mentioned, the instant petition was filed on October 18, 2010, approximately fourteen months after the date the one-year period would have expired. Thus, unless Petitioner is entitled to either statutory or equitable tolling, the instant petition is untimely and should be dismissed.

C. Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations. Artuz v. Bennett, 531 U.S. 4, 8, 121 S. Ct. 361 (2000). An application is pending during the time that 'a California petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay in the intervals between a lower court decision and the filing of a petition in a higher court.

Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations omitted); see Evans v. Chavis, 546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold, 536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

Nevertheless, there are circumstances and periods of time when no statutory tolling is allowed. For example, no statutory tolling is allowed for the period of time between finality of an appeal and the filing of an application for post-conviction or other collateral review in state court, because no state court application is "pending" during that time. Nino, 183 F.3d at 1006-1007; Raspberry v. Garcia, 448 F.3d 1150, 1153 n. 1 (9th Cir. 2006). Similarly, no statutory tolling is allowed for the period between finality of an appeal and the filing of a federal petition. Id. at 1007. In addition, the limitation period is not tolled during the time that a federal habeas petition is pending. Duncan v. Walker, 563 U.S. 167, 181-182, 121 S.Ct. 2120 (2001); see also, Fail v. Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16, 2002). Further, a petitioner is not entitled to statutory tolling where the limitation period has already run prior to filing a state habeas petition. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001). Finally, a petitioner is not entitled to continuous tolling when the petitioner's later petition raises unrelated claims. See Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006).

Here, the documents filed by Respondent with the motion to dismiss establish that Petitioner filed the following state habeas petitions: (1) filed in the Superior Court of Tulare County on October 29, 2009, and denied on November 3, 2009 (LD 6, 7);[2] (2) filed in the 5th DCA on December 6, 2009, and denied on January 27, 2010 (LD 8, 9); and (3) filed in the California Supreme Court on February 16, 2010, and denied on September 22, 2010. (LD 10, 11).

---

[2]In computing the running of the statute of limitations, the day an order or judgment becomes final is excluded and time begins to run on the day after the judgment becomes final. See Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001) (Citing Rule 6 of the Federal Rules of Civil Procedure).

Respondent contends that Petitioner is not entitled to an statutory tolling under the AEDPA for any of the three petitions because they were not "properly filed," as required by federal law. The Court agrees.

In reviewing habeas petitions originating from California, the Ninth Circuit formerly employed a rule that where the California courts did not explicitly dismiss for lack of timeliness, the petition was presumed timely and was deemed "pending." In Evans v. Chavis, 549 U.S.189 (2006), the Supreme Court rejected this approach, requiring instead that the lower federal courts determine whether a state habeas petition was filed within a reasonable period of time. 549 U.S. at 198 ("That is to say, without using a merits determination as an 'absolute bellwether' (as to timeliness), the federal court must decide whether the filing of the request for state court appellate review (in state collateral review proceedings) was made within what California would consider a 'reasonable time.'"). However, "'[w]hen a post-conviction petition is untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2).'" Bonner v. Carey, 425 F.3d 1145, 1148 (9th Cir. 2005)(*quoting* Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005)). See also Carey v. Saffold, 536 U.S. at 226.

Therefore, under the analysis mandated by the Supreme Court's decisions in Pace and Evans, this Court must first determine whether the state court denied Petitioner's habeas application(s) as untimely. If so, that is the end of the matter for purposes of statutory tolling because the petition was then never properly filed and Petitioner would not be entitled to any period of tolling under § 2242(d)(2), either for the pendency of the petition itself or for the interval between that petition and the denial of the previous petition. Bonner, 425 F.3d at 1148-1149.

Here, the first petition, filed in the Superior Court, was denied because Petitioner "failed to raise the issues raised in his writ in a timely manner," citing In re Clark, 5 Cal. 4th 750, 765 n. 5 (1993). (LD 7).[3] The Superior Court noted that a "court will not consider the merits of a delayed petition unless the petitioner provides an adequate justification for his failure to raise the claims in a

---

[3]California has no specific time limit for filing a state habeas petition; instead, three leading decisions describe the State's timeliness requirement, and In re Clark is one of those cases. Walker v. Martin, ___U.S.___, 131 S.Ct. 1120, 1125 (2011). California courts "signal that a habeas petition is denied as untimely by citing the controlling decisions," such as Clark. Id., 131 S.Ct. at 1124.

timely filed petition," and further noted that Petitioner had failed to provide a "reasonable explanation for the [two year] delay" in bringing his claims. (Id.). Because a habeas petition denied by a state court as untimely is not "properly filed" within the meaning of the AEDPA, it will not be entitled to statutory tolling. Pace, 544 U.S. at 414. Accordingly, Petitioner's first state court petition is not entitled to statutory tolling.

Respondent next contends that Petitioner's second and third state petitions, summarily denied by the 5th DCA and the California Supreme Court, respectively, are not entitled to statutory tolling under the "look through" doctrine. Again, the Court agrees.

In reviewing a state court's summary denial of a habeas petition, the federal court must "look through" the summary disposition to the last reasoned decision. Pham v. Terhune, 400 F.3d 740, 742 (9th Cir. 2005); Shackleford v. Hubbard, 234 F.3d 1072, 1079 n. 2 (9th Cir. 2000)(*citing* Ylst v. Nunnemaker, 501 U.S. 797, 111 S.Ct. 2590 (1991)). Thus, where, as here, a state court petition is denied as untimely–and therefore it is not entitled to tolling under Pace–subsequent petitions denied without explanations in state court are assumed to have been denied on the same ground. See, e.g., Bonner, 425 F.3d at 1147-1148, *amended* 449 F.3d 993, 994 n. 6 (9th Cir. 2006).

The documents filed by Respondent indicate that Petitioner's second and third state petitions were summarily denied without comment, analysis, or a statement of reasons. (LD 9, 11). Thus, the Court "looks through" those latter two petitions to the reasoning of the last reasoned decision, i.e., the decision of the Superior Court, which denied the petition as untimely under Clark. Therefore, Petitioner's second and third state petitions are presumed to have been denied as untimely as well, and are thus not entitled to statutory tolling.

In his opposition to the motion to dismiss, Petitioner contends that the Clark timeliness bar is neither independent nor adequate to establish a procedural bar. (Doc. 13, pp. 3-7). Petitioner's arguments are incorrect for at least two reasons.

First, Petitioner confuses the present analysis of statutory tolling within the context of the AEDPA's one-year limitation period, and the issue of procedural bar, which, to preclude a petitioner's claims from federal court review, must be both independent and adequate. The two inquiries, i.e., statutory tolling and procedural default, are separate and distinct. The fact that a state

court imposes a procedural bar does not necessarily mean that the petition was not "properly filed" within the meaning of the AEDPA. Artuz v. Bennett, 531 U.S. 4, 9, 121 S.Ct. 361 (2000)("the question of whether an application has been 'properly filed' is quite separate from the question whether the claims *contained in the application* are meritorious and free from procedural bar." (Emphasis in original)).

Second, even if the issue presented *was* whether California's timeliness bar was both independent and adequate, the United States Supreme Court settled that question definitively in Walker v. Martin, ___U.S.___, 131 S.Ct. 1120 (2011). There, after the petitioner conceded that California's timeliness rule was "independent," the High Court concluded that the bar was also "adequate" under controlling precedent. Id., 131 S.Ct. at 1128-1130.

For these reasons, Petitioner's opposition to the motion to dismiss presents no valid legal obstacle to the Court's conclusion that Petitioner is not entitled to statutory tolling for his three state habeas petitions. Thus, unless he is entitled to equitable tolling, the petition is untimely and should be dismissed.

D.  Equitable Tolling

The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to equitable tolling in appropriate cases. See Holland v. Florida, __U.S.__, 130 S.Ct. 2549, 2561 (2010); Calderon v. United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997). The limitation period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time." Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland, 130 S.Ct. at 2652; Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation

omitted). As a consequence, "equitable tolling is unavailable in most cases." Miles, 187 F. 3d at 1107.

Here, Petitioner has made no express claim of entitlement to equitable tolling and, based on the record now before the Court, the Court sees no basis for such a claim. Accordingly, Petitioner is not entitled to equitable tolling. Thus, the petition is untimely and should be dismissed.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss (Doc. 8) be GRANTED and the habeas corpus petition be DISMISSED for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **March 31, 2011**

**/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE