UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHARLES EDWARD PRITCHETT, | ) | 1:10-cv-02008-JLT HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING PETITIONER'S |
| | ) | MOTION FOR RECONSIDERATION |
| v. | ) | (Doc. 18) |
| | ) | |
| LELAND McEWEN, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**PROCEDURAL HISTORY**

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The instant federal petition for writ of habeas corpus was filed on October 26, 2010. (Doc. 1). On January 24, 2011, Respondent filed a motion to dismiss the petition. (Doc. 8). On March 31, 2011, the Magistrate Judge assigned to this case filed a Findings and Recommendation recommending that Respondent's motion to dismiss be granted and that the petition for writ of habeas corpus be dismissed because the petition was untimely. (Doc. 14). This Findings and Recommendation was served on all parties and contained notice that any objections were to be filed within twenty days from the date of service of that order. On April 22, 2011, this Court issued an order adopting the Magistrate Judge's Findings and Recommendations, entering judgment, and directing the Clerk of the Court to close the case. (Docs. 15 & 16). On April 25, 2011, after the

1

1 period for filing objections had elapsed, and after judgment had been entered and the case dismissed, Petitioner filed his objections. (Doc. 17). In those objections, Petitioner contends that for a period from June 7, 2007 through mid-June 2009, Petitioner did not have the appellate record from his direct appeal, and thus could not have adequately prepared his federal petition claiming ineffective assistance of counsel. (Doc. 17, pp. 3-4). Further, Petitioner demands that any failure on his part to discover the factual basis for ineffective assistance of counsel should be imputed to his attorney. (Id., p. 5).

On May 9, 2011, Petitioner filed the instant motion to vacate final judgment pursuant to Federal Rule of Civil Procedure 60(b). (Doc. 18). In that motion, Petitioner argues that the Court should not have adopted the Magistrate Judge's Findings and Recommendations without first considering his objections and that, after considering said objections, the judgement should be vacated and the issue of timeliness reconsidered by the Court. (Doc. 18, p. 3). Petitioner also asserts that the Court erred in denying a certificate of appealability. (Id., p. 4). The Court disagrees.

## DISCUSSION

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied .... or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." Id.

Additionally, when filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal.


1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

Here, Petitioner argues that the Court erred in adopting the Findings and Recommendations without first considering Petitioner's objections. However, Petitioner did not file his objections within the time period specified by the Court; accordingly, he has no basis to contest the Court's action, in the absence of timely filed objections, in proceeding as it did to adopt the Magistrate Judge's Findings and Recommendations and enter judgment accordingly.

However, even assuming, arguendo, that Petitioner's objections had been timely filed and that Petitioner's objections satisfy one or more of Rule 60(b)'s requirements for presenting a motion to vacate judgment, the Court, after considering Petitioner's objections, finds no basis in those objections to vacate the judgment. In essence, Petitioner's objections seek to raise a belated claim of equitable tolling for the period from June 7, 2007 through mid-June 2009 because he did not have possession of his appellate transcripts. However, such a claim, even if timely raised in opposition to the motion to dismiss, would have been unavailing.

The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to equitable tolling in appropriate cases. See Holland v. Florida, __U.S.__, 130 S.Ct. 2549, 2561 (2010); Calderon v. United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997). The limitation period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time." Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."   Holland, 130 S.Ct. at 2652; Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation omitted).  As a consequence, "equitable tolling is unavailable in most cases." Miles, 187 F. 3d at 1107.

1    Petitioner argues that he could not have prepared his federal claims until he received the
2 appellate record, but that once he received the appellate record, he realized that it shed no light on
3 the issues he wished to present, i.e., the reasons for counsel's failure to raise the issue of a suggestive
4 identification and counsel's failure to move for acquittal on the grounds of insufficiency of the
5 evidence. Petitioner thus contends that these issues "could not reasonably have been raised" before
6 he received the record and discovered that they provided no assistance to him. (Doc. 17, p. 5).

7    Petitioner's peculiar logic is his own undoing. He obviously prepared his federal claims of
8 ineffective assistance of counsel *after* he received the appellate record but *without* utilizing anything
9 contained therein. Nevertheless, Petitioner thus asks this Court to equitably toll the one-year
10 limitation period because he spent two years waiting for a record that provided no assistance to him
11 whatsoever in preparing his federal petition. The argument is specious on its face and provides no
12 basis for equitable tolling.

13    Petitioner's claim that his counsel is to blame is equally misguided. Attorney negligence,
14 including a miscalculation of a filing deadline, is not a sufficient basis for applying equitable tolling
15 to the 2244(d)(1) limitation period. Holland v. Florida, 130 S.Ct. 2549, 2010 WL 2346549 at *13-14
16 (June 14, 2010); Randle v. Crawford, 604 F.3d 1047, 1058 (9th Cir. 2010); Spitsyn v. Moore, 345
17 F.3d 796, 800 (9th Cir. 2003); Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001). However,
18 attorney misconduct that is sufficiently egregious to meet the extraordinary misconduct standard can
19 be a basis for applying equitable tolling. Spitsyn, 345 F.3d at 801. Here, Petitioner has failed to
20 show how his counsel's actions constituted misconduct, much less extraordinary misconduct.

21    Finally, Petitioner's argument that the Court erred in declining to issue a certificate of
22 appealability must also be rejected. Petitioner's arguments notwithstanding, he has failed to
23 establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition
24 should have been resolved in a different manner or that the issues presented were 'adequate to
25 deserve encouragement to proceed further'." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (*quoting*
26 Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). The petition was unquestionably untimely.
27 Therefore, the Court did not err in adopting the Magistrate Judge's Findings and Recommendations
28 and entering judgment against Petitioner.

1 **ORDER**

2 Accordingly, it is HEREBY ORDERED that Petitioner's motion to vacate judgment (Doc.
3 18), is DENIED.

10 IT IS SO ORDERED.

11 **Dated:   May 27, 2011**                            /s/ Lawrence J. O'Neill
                                                  UNITED STATES DISTRICT JUDGE